E. M. BRYAN v. HILTON LUMBER COMPANY.

(Filed 12 March, 1913.)

Instructions—Contributory Negligence.

In an action for damages for a personal injury negligently inflicted by the defendant on the plaintiff while the latter was employed in operating a certain woodworking machine, there was conflicting evidence, on the issue of contributory negligence, as to whether the plaintiff put his hand in the machine while the rollers were revolving, wherein he failed to exercise reasonable care, or whether the resulting injury was caused by a defective machine. In other respects his Honor having properly followed the instruction held to be appropriate on the former appeal, his addition thereto in respect to the further evidence introduced was not error.

APPEAL from *O. H. Allen, J.,* at May Term, 1912, of NEW HANOVER.

Civil action. The usual issues of negligence, contributory negligence, and damage were submitted.

There was a verdict on all issues for plaintiff. From the judgment rendered the defendant appealed.

*George L. Peshau, J. D. Bellamy & Son for plaintiff.*
*E. K. Bryan and Davis & Davis for defendant.*

BROWN, J. This case was before the Supreme Court at Spring Term, 1911, and is reported in vol. 154, page 485. A new trial was awarded defendant at that time because of the alleged failure to charge the jury on one phase of contributory negligence which defendant requested.

The facts are fully stated in the former opinion. It is un-
necessary to restate them. The evidence contained in the record
of the last trial is substantially the same as on the former.

Eight of the assignments of error relate to the admission and
rejection of evidence. An examination of them discloses that
they are without merit and that a discussion of them would be
of no value.

One of the counsel for plaintiff made some remarks in his
address to the jury animadverting upon the testimony of a wit-
ness for defendant, Dr. Slocumb. It is useless to set out the
remarks or to discuss this assignment. We are inclined to the
opinion that they were within the bounds of legitimate criticism.
Certainly they were not of sufficient importance to warrant us
in ordering another trial.

His Honor gave the following instruction:

"If the jury find by the greater weight of the evidence that
the plaintiff called to Alfred Robinson and had him to hold up
the chip breaker with a board, and then shut off the feed gear,
and, before the feed rollers stopped revolving, put his hand
over the cogs in an attempt to break out the piece of wood, then
he would be guilty of contributory negligence and could not
recover. That is, the jury under those circumstances would
answer the second issue 'Yes.' "

This is substantially the instruction prayed by defendant on
the former trial, and which we held should have been given.
His Honor gave it with this addition: "(That is, if he put his
hand in there while the rollers were still revolving, and he
knew it or could have known it, and failed to exercise reason-
able care.) There is a contention there, the defendant contend-
ing he did that and the plaintiff contending it had stopped, and
he put it in and it started off again, suddenly and unexpectedly."
Defendant excepts to above charge in parentheses.

We do not think the addition to the instruction, which is ex-
cepted to, makes any material difference.

There was quite a conflict in the evidence offered by plaintiff
and defendant as to whether the feed rollers had stopped when
plaintiff put his hand in the machine in an attempt to break out
the piece of wood.

The defendant contended that the plaintiff inserted his hand in the machine without waiting for it to stop. The plaintiff contended that the machine had stopped when he inserted his hand, but that, owing to a serious defect, it started up suddenly and "ground up his arm like sausage meat."

We think the added words were not improper in view of the controversy in regard to the facts.

Taking the charge as a whole, it is full and clear and presented the contentions of plaintiff and defendant to the jury with fairness, and followed the well-settled decisions of this Court. We do not think the defendant has any just reason to complain of it.

We find no reversible error in the record.

No error.